## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| **RHONDA CROUSE and RANDY CROUSE** | **LAW NO. _____** |
| **Plaintiffs,** | |
| **vs.** | **PETITION AT LAW and JURY DEMAND** |
| **CHARLES E. GRADO, M.D.; PLASTIC SURGICAL CENTER, P.C. d/b/a AESTHETIC CONSULTANTS OF IOWA, P.C.; RICHARD J. KOZENY, M.D.; IOWA PHYSICIANS CLINICAL MEDICAL FOUNDATION d/b/a CEDAR RAPIDS INTERNAL MEDICINE, MCGHAN MEDICAL CORPORATION A.K.A (ALLERGAN, Inc./INAMED),** | |
| **Defendants.** | |

**COME NOW** the Plaintiffs, Rhonda and Randy Crouse, by and through their undersigned counsel, and for their Petition at Law and Jury Demand, respectfully state as follows:

### PARTIES

1.    Plaintiff Rhonda Crouse is an individual residing in Cedar Rapids, Linn County, Iowa.  At all times material hereto, the Plaintiff was and continues to be the spouse of Plaintiff Randy Crouse.

2.    Plaintiff Randy Crouse at all times material hereto, was and continues to be the spouse of Plaintiff Rhonda Crouse.

3.    Defendant Charles E. Grado, M.D. is licensed to practice medicine in the State of

1

Iowa and at all times material hereto, was engaged in said practice in Cedar Rapids, Linn County, Iowa.

4. Defendant Richard J. Kozeny, M.D. is licensed to practice medicine in the State of Iowa and at all times material hereto, was engaged in said practice in Cedar Rapids, Linn County, Iowa.

5. Defendant Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C. (hereinafter ACI) is an Iowa professional corporation incorporated under Iowa Code chapter 496C.

6. Defendant Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine (hereinafter CRIM) is an Iowa non-profit corporation incorporated under Iowa Code chapter 504.

7. Defendant Allergan, Inc., a foreign corporation organized in Delaware with its principal place of business located in Irvine, California, is the parent company of the principal Defendant, McGhan Medical Corporation, a subsidiary of Inamed Medical Products Corporation, a foreign for-profit-corporation, organized in California, having its principal place of business in Santa Barbara, California. Originally incorporated in the State of Florida in 1974 under the name McGhan Medical Corporation, the company changed its name to Inamed Corporation and reincorporated in the state of Delaware. On April 26, 2006, Allergan, Inc, Irvine acquired Inamed Corporation, which continues to operate as a subsidiary of Allergan, Inc.

8. At all times material hereto, Dr. Grado was an employee and/or agent of ACI and

2

was acting within the scope of his employment/agency.

9.    At all times material hereto, Dr. Kozeny was an employee and/or agent of CRIM and was acting within the scope of his employment/agency.

## JURISDICTION AND VENUE

10.   Plaintiff is a citizen of the State of Iowa.

11.   At least one Defendant is a citizen of California and/or Delaware.

12.   The court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## FACTS

13.   In or about June 2002, Plaintiff Rhonda Crouse was diagnosed with cancer.  On July 3, 2002, Ms. Crouse underwent bilateral mastectomy with lymphadenectomy at St. Luke's Methodist Hospital in Cedar Rapids, Linn County, Iowa, in an effort to remove the cancerous cells.   Ms. Crouse underwent immediate bilateral expander reconstruction.

14.   In or about October 2002, Defendant Charles E. Grado, M.D. asked Ms. Crouse if she would be interested in participating in an implant study.   Ms. Crouse agreed.

15.   In or about October 2002, Dr. Grado replaced Ms. Crouse's permanent gel device with silicone breast implants, manufactured by Defendants, McGhan

3

Medical Corporation (Allergan, Inc./Inamed).

16. Upon information and belief, the silicone study recommended that all patients undergo magnetic resonance imaging (MRI) evaluations at 1, 2, 4, 6, 8, and 10 years to assure that they were adequately monitored for implant rupture.

17. On or about 2005, Inamed halted trials on the exact type of implant Defendant Dr. Grado provided to Plaintiff Crouse. Inamed halted these trials because the implant model Plaintiff Crouse received began rupturing in other trial patients. At no point was Plaintiff alerted that trials involving her implant type had been halted.

18. In or about October 2008, Dr. Grado recommended, for the first time since her surgery, that Ms. Crouse undergo a MRI, which was performed on or about October 24, 2008. It was noted that the right breast implant was intact while the left breast implant showed signs of intracapsular rupture. Neither Dr. Grado nor Defendant Richard J. Kozeny, M.D. informed Ms. Crouse of the intracapsular rupture following the MRI.

19. On or about January 31, 2009, Ms. Crouse was seen at the St. Luke's Methodist Hospital emergency room when she experienced swelling in her left breast.

20. On or about February 2, 2009, Dr. Grado referred Ms. Crouse to the vascular department at St. Luke's Methodist Hospital. He advised Ms. Crouse to tell them to be careful not to puncture her implant during the drainage procedure.

21. On or about February 3, 2009, Dr. Grado performed a left breast implant replacement at St. Luke's Methodist Hospital without discussing the procedure,

4

or any concern regarding implant rupture, with Ms. Crouse. Ms. Crouse was not informed that her implant had ruptured prior to the procedure.

22. During the surgery, Dr. Grado noted that the left implant had ruptured and removed as much silicone as possible. Dr. Grado replaced the ruptured implant with a silicone implant.

23. Had Dr. Grado advised that her implant had ruptured and that it needed to be replaced, Ms. Crouse would have asked for a different course of treatment, including, but not limited to a saline implant.

24. In or about March 2009, Ms. Crouse discussed the possibility of removing both implants with Dr. Grado after she began to experience swelling in her right breast. When she questioned Dr. Grado as to whether the October 2008 MRI would have shown an issue with her left implant, he suggested that it did not. Ms. Crouse grew suspicious when he stated that the right breast looked fine on the MRI.

25. Ms. Crouse learned in or about March 2009 that the October 2008 MRI showed an intracapsulated rupture in her left breast. She was not informed that this meant that her implant was leaking until she engaged in her own independent research on or about July 2009.

26. On March 17, 2009, Dr. Grado performed a bilateral implant removal at St. Luke's Methodist Hospital. As he was removing the right implant, it ruptured and he attempted to remove as much silicone as possible. Ms. Crouse was sent home with drain tubes.

5

27. Ms. Crouse experienced swelling in the left breast following surgery. She repeatedly underwent drainage and seroma tube placement. Ms. Crouse continued to seek care for reoccurring breast swelling through approximately August 2009.

28. On or about June 3, 2009, Aerococcus bacteria were found in her fluid culture and she was placed on antibiotics.

29. On or about July 28, 2009, John H. Wollner, M.D. biopsied a red spot on Ms. Crouse's right wrist. Dr. Wollner diagnosed benign skin with dermal noncaseating granulomata. It was noted that refractile clear foreign material was present.

30. On or about September 23, 2009, Nho Tran, M.D. performed a left breast completion mastectomy and total capsulectomy including seroma at the Mayo Clinic in Minnesota.

31. Dr. Tran's final diagnoses were seroma siliconoma, infected, status post capsulectomy, seroma resection, and completion mastectomy.


**COUNT I**
**PROFESSIONAL NEGLIGENCE**
**(Charles E. Grado, M.D. and Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C.)**

32. Plaintiffs replead paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

33. Dr. Grado, as a physician licensed to practice in Iowa, possesses a duty to use the degree of skill, care, and learning ordinarily possessed and exercised by

6

other    physicians    in    similar circumstances.

34.  Defendants were negligent and committed professional negligence by deviating from the generally accepted standard of medical care in one or more of the following particulars:

    a.    in failing to timely diagnose Plaintiff's medical condition or make timely and proper referral;

    b.    in failing to perform timely MRI procedures as recommended by the implant study;

    c.    in failing to appropriately perform investigations to rule out implant rupture;

    d.    in failing to timely perform surgery to remove or replace Ms. Crouse's ruptured implant upon receiving her October 2008 MRI results;

    e.    in failing to timely and fully inform Ms. Crouse of her implant rupture and the impacts and risks of said rupture upon receiving her October 2008 MRI results;

    f.    in failing to perform a complete mastectomy on or about March 2009;

    g.    in failing to exercise a degree of care and skill ordinary exercised under the conditions and circumstances then and there existing.

35.  The negligence of Defendants was a direct and proximate cause of the damages and injuries sustained by Plaintiff.

36.  As a result of Defendants' professional negligence, Plaintiff sustained injuries and damages, including:

    a.    Physical pain and mental anguish in the past, present and future;

    b.    Physical impairment in the past, present and future;

    c.    Medical expenses in the past, present and future;

    d.    Any other element of harm or loss not specifically set forth herein, but

7

recognized   as   recoverable  under Iowa law.

**WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant Charles E. Grado, M.D. and Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C., jointly and severally, in an amount representing full and fair compensation for her injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

### COUNT II
### LACK OF INFORMED CONSENT
### (Against Charles E. Grado, M.D. and Defendant McGhan(Allergan, Inc.)

37.     Plaintiffs replead paragraphs one (1) through thirty-three (33) as if fully set forth herein.

38.     At all times material hereto, Ms. Crouse was a patient of Dr. Grado.

39.     In or about October 2002, Dr. Grado placed saline implants in Ms. Crouse's breasts.

40.     Even though Inamed halted trials in 2005 of the same implant type Plaintiff Crouse received, no one informed Plaintiff of this fact.

41.     An October 24, 2008 MRI revealed that Ms. Crouse's left breast implant showed signs of intracapsular rupture.

42.     Dr. Grado treated Ms. Crouse by removing the implant in the left breast and replacing it with a silicone implant on or about February 3, 2009.

43.     Dr. Grado failed to inform Ms. Crouse of the nature and purpose of the February 3, 2009 surgery.

8

44.    There existed a material risk unknown to the patient with respect to the February 3, 2009 procedure.

45.    Dr. Grado failed to disclose that risk to Ms. Crouse.

46.    Disclosure of the risk would have led a reasonable patient in Ms. Crouse's position to reject the medical procedure or choose a different course of treatment.

47.    As a proximate result of Dr. Grado's failure to disclose the risk, Ms. Crouse sustained injury and damage, including:

    a.    Physical pain and mental anguish in the past, present and future;

    b.    Physical impairment in the past, present and future;

    c.    Medical expenses in the past, present and future;

    d.    Any other element of harm or loss not specifically set forth herein, but recognized as recoverable under Iowa law.

    **WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant Charles E. Grado, M.D. in an amount representing full and fair compensation for her injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

**COUNT III**
**BATTERY**
**(Against Charles E. Grado, M.D.)**

48.    Plaintiffs replead paragraphs one (1) through forty-three (43) as if fully set forth herein.

49.    On or about February 3, 2009, Dr. Grado replaced Ms. Crouse's ruptured left

9

breast implant with a silicone implant.

50.    Dr. Grado failed to inform Ms. Crouse of the nature and purpose of the February 3, 2009 procedure prior to the surgery. Specifically, he failed to inform Ms. Crouse that he would be replacing the left breast implant with a silicone implant.

51.    By replacing Ms. Crouse's ruptured breast implant with a silicone implant, Dr. Grado wrongfully caused a harmful, offensive, and nonconsensual contact with Ms. Crouse.

52.    Dr. Grado's acts were willful, wanton, and in reckless disregard for the rights and safety of Ms. Crouse, thereby entitling Ms. Crouse to an award of punitive damages.

53.    Dr. Grado's actions were a proximate cause of Ms. Crouse's injuries and damages, including:

    a.    Physical pain and mental anguish in the past, present and future;

    b.    Physical impairment in the past, present and future;

    c.    Medical expenses in the past, present and future;

    d.    Any other element of harm or loss not specifically set forth herein, but recognized as recoverable under Iowa law.

**WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant Charles E. Grado, M.D. in an amount representing full and fair compensation for her injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

10

**COUNT IV**
**RESPONDEAT SUPERIOR**
**(against Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C.)**

54. Plaintiffs replead paragraphs one (1) through forty-nine (49) as if fully set forth herein.

55. ACI possesses an absolute and non-delegable duty to Plaintiff to provide competent medical care.

56. At all times material hereto, an employer-employee relationship existed between ACI, as the employer, and Dr. Grado, as the employee.

57. At all times material hereto, Dr. Grado was acting in the scope of his employment with ACI.

58. Under the doctrine of respondeat superior, ACI is liable for the aforementioned actions and omissions of Dr. Grado.

59. As a result of the actions and omissions of Dr. Grado, Ms. Crouse sustained injuries and damages, including:

   a. Physical pain and mental anguish in the past, present and future;

   b. Physical impairment in the past, present and future;

   c. Medical expenses in the past, present and future;

   d. Any other element of harm or loss not specifically set forth herein, but recognized as recoverable under Iowa law.

**WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C. in an amount representing full and fair compensation for her injuries and damages as set forth above,

11

for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

**COUNT V**
**PROFESSIONAL NEGLIGENCE**
**(Richard J. Kozeny, M.D. and Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine)**

60.    Plaintiffs replead paragraphs one (1) through fifty-five (55) as if fully set forth herein.

61.    Dr. Kozeny, as a physician licensed to practice in Iowa, possesses a duty to use the degree of skill, care, and learning ordinarily possessed and exercised by other physicians in similar circumstances.

62.    Defendants were negligent and committed professional negligence by deviating from the generally accepted standard of medical care in one or more of the following particulars:

    a.    in failing to timely diagnose Plaintiff's medical condition or make timely and proper referral;

    b.    in failing to appropriately perform investigations to rule out implant rupture;

    c.    in failing to timely and fully inform Ms. Crouse of her implant rupture and the impacts and risks of said rupture upon receiving her October 2009 MRI results;

    d.    in failing to exercise a degree of care and skill ordinary exercised under the conditions and circumstances then and there existing.

63.    The negligence of Defendants was a direct and proximate cause of the damages and injuries sustained by Plaintiff.

12

64.    As   a   result   of   Defendants' professional negligence, Plaintiff sustained injuries and damages, including:

   a.    Physical pain and mental anguish in the past, present and future;

   b.    Physical impairment in the past, present and future;

   c.    Medical expenses in the past, present and future;

   d.    Any other element of harm or loss not specifically set forth herein, but recognized as recoverable under Iowa law.

   **WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant Richard J. Kozeny, M.D.  and Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine, jointly and severally, in an amount representing full and fair compensation for her injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.


### COUNT VI
### RESPONDEAT SUPERIOR
**(against Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine)**

65.    Plaintiffs replead paragraphs one (1) through sixty (60) as if fully set forth herein.

66.    CRIM possesses an absolute and non-delegable duty to Plaintiff to provide competent medical care.

67.    At all times material hereto, an employer-employee relationship existed between CRIM, as the employer, and Dr. Kozeny, as the employee.

68.    At all times material hereto, Dr. Kozeny was acting in the scope of his

employment with CRIM.

69.     Under the doctrine of respondeat superior, CRIM is liable for the aforementioned
        actions and omissions of Dr. Kozeny.

70.     As a result of the actions and omissions of Dr. Kozeny, Ms. Crouse sustained
        injuries and damages, including:

        a.      Physical pain and mental anguish in the past, present and future;

        b.      Physical impairment in the past, present and future;

        c.      Medical expenses in the past, present and future;

        d.      Any other element of harm or loss not specifically set forth herein, but
                recognized as recoverable under Iowa law.

        **WHEREFORE**, Plaintiff Rhonda Crouse demands judgment against Defendant
Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine in an
amount representing full and fair compensation for her injuries and damages as set
forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such
other relief as may be just under the circumstances.

## COUNT VII
## SPOUSAL CONSORTIUM
### (against all Defendants)

71.     Plaintiffs replead paragraphs one (1) through sixty-six (66) as if fully set forth
        herein.

72.     Plaintiff Randy Crouse is the husband of Plaintiff Rhonda Crouse and was her
        husband during the events giving rise to this Petition.

73.     As a direct and proximate cause of Defendants' actions and/or omissions, Mr.

14

Crouse suffered loss of the affection, aid, assistance, companionship, comfort, cooperation, and society of his wife.

**WHEREFORE,** Plaintiff Randy Crouse, demands judgment against Defendants Charles E. Grado, M.D., Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C., Richard J. Kozeny, M.D., and Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine jointly and severally, and Defendant McGhan Medical Corporation (Allergan, Inc./Inamed) in an amount representing full and fair compensation for his injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

## COUNT VIII

## PRODUCTS LIABILITY-DEFECTIVE PRODUCT

(Defendant McGhan/Allergan/Inamed; Charles E. Grado, M.D., Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C., Richard J. Kozeny, M.D., and Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine jointly and severally)

74. Plaintiffs re-plead paragraphs one (1) through seventy-three (73) as if set forth herein.

75. The Defendant, McGhan Medical Corporation (Allergan, Inc.), is a corporation originally organized in the state of Florida, but was later reincorporated in

15

Delaware under the name Inamed. Allergan acquired Inamed in 2006, but Inamed continues to operated as a subsidiary of Allergan, Inc.

76. Prior to its purchase by Allergan, Inc. in 2006, Defendant Inamed (McGhan) designed, manuractured, and sold in the stream of commerce a certain silicone-filled breast implant, designated McGhan 153, Ref 27-153451.

77. The aforementioned implant was defective in design and manufacture, was unreasonably dangerous to the user or consumer (i.e. trial patient) when used in a reasonably foreseeable manner, and was so defective at the time it left the hands of the defendant, Allergan(Inamed/McGhan).

78. Plaintiff was a person who was reasonably to be expected to be a user of the aforementioned McGhan/Inamed implant during aforementioned trials; and at all times, the plaintiff used said implant in a reasonably foreseeable manner and in a manner intended by the defendant, McGhan/Inamed.

79. When Inamed halted use of the type of implant provided to Plaintiff, Plaintiff should have been notified of found defects and given option of removal or at the very least informed of it propensity to rupture.

80. Because Plaintiff was never informed by either Defendant McGhan or her physician, the defects in McGhan's implant were a proximate cause of injuries sustained by Plaintiff and continue to be a proximate cause of her recurring medical problems.

81. In addition, to her existing medical problems, Plaintiff suffered permanent disfigurement, loss of enjoyment of life, loss of consortium, conscious pain and

Case 1:12-cv-00054-LRR   Document 1   Filed 06/11/12   Page 16 of 17

suffering, as well future medicals.

**WHEREFORE,** Plaintiff Randy Crouse, demands judgment against Defendants Charles E. Grado, M.D., Plastic Surgical Center, P.C. d/b/a Aesthetic Consultants of Iowa, P.C., Richard J. Kozeny, M.D., and Iowa Physicians Clinical Medical Foundation d/b/a Cedar Rapids Internal Medicine jointly and severally, and Defendant McGhan Medical Corporation (Allergan, Inc./Inamed) in an amount representing full and fair compensation for his injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relief as may be just under the circumstances.

**JURY DEMAND**

**COME NOW**, the Plaintiffs and hereby demand a trial by jury with regard to the above-captioned matter.

PARRISH KRUIDENIER DUNN BOLES GRIBBLE PARRISH GENTRY & FISHER, L.L.P.

BY:_____

Eric Parrish          ATT0006053
eparrish@parrishlaw.com
2910 Grand Avenue
Des Moines, Iowa 50312
(515) 284-5737
(515) 284-1704 - Fax
ATTORNEY FOR PLAINTIFFS

**ORIGINAL FILED.**

**Copy to:**

Rhonda and Randy Crouse
PLAINTIFFS

17
