# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RHONDA CROUSE and RANDY CROUSE,<br><br>    Plaintiffs,<br><br>vs.<br><br>DR. CHARLES E. GRADO et al.,<br><br>    Defendants. | No. 12-CV-54-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendants Charles E. Grado and Plastic Surgical Center, P.C., d/b/a Aesthetic Consultants of Iowa, P.C.'s (collectively, "Grado Defendants") "Motion to Dismiss" ("Motion") (docket no. 7).

## *II. PROCEDURAL HISTORY*

On June 11, 2012, Plaintiffs Rhonda Crouse and Randy Crouse filed a Complaint (docket no. 1). In the Complaint, Plaintiffs allege professional negligence against the Grado Defendants (Count I); lack of informed consent against Dr. Grado and Allergan, Inc., d/b/a McGhan Medical Corp., d/b/a INAMED Corp. ("Allergan") (Count II); battery against Dr. Grado (Count III); respondeat superior against Plastic Surgical Center, P.C., d/b/a Aesthetic Consultants of Iowa, P.C. ("Plastic Surgical Center") (Count IV); professional negligence against Dr. Richard J. Kozeny and Iowa Physicians Clinical Medical Foundation, d/b/a Cedar Rapids Internal Medicine ("IPCMF") (Count V); respondeat superior against IPCMF (Count VI); spousal consortium against all Defendants (Count VII); and products liability—defective product against all Defendants (Count VIII).

On June 13, 2012, the Clerk of Court issued a summons for each Defendant. On October 16, 2012, the Clerk of Court filed a "Notice of Dismissal," stating, "This action is dismissed pursuant to Local Rule 41 . . . unless appropriate action is taken by or not

later than 10/30/12." On October 16, 2012, the Grado Defendants filed the Motion, asking the court to dismiss the action pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiffs' failure to serve the Grado Defendants. On October 30, 2012, Plaintiffs filed a Resistance (docket no. 8).

### III. SUBJECT MATTER JURISDICTION

In the Complaint, Plaintiffs assert that the court has diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). As a threshold matter, the court must determine whether it has subject matter jurisdiction in this case. The court has "the obligation . . . to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004). "In fact, jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) (citing *Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 881 (2d Cir. 1988)).

The court finds that complete diversity does not exist. According to the Complaint, Plaintiffs are citizens of Iowa. Dr. Grado and Dr. Kozeny are licensed to practice medicine in Iowa and they have active practices in Cedar Rapids, Iowa. Plastic Surgical Center is an Iowa professional corporation. IPCMF is an Iowa non-profit corporation. Allergan is a Delaware corporation with its principal place of business in Irvine, California. Plaintiffs appear to assert that diversity jurisdiction exists because "[a]t least one Defendant is a citizen of California and/or Delaware." Complaint at 3. However, for this court to have jurisdiction, complete diversity between Plaintiffs and Defendants must exist. "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Cascades Dev. of*

*Minn., LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010), *cert. denied*, 132 S. Ct. 94 (2011)) (internal quotation marks omitted). Thus, the court finds that it does not have subject matter jurisdiction in this case.

## IV. ANALYSIS

Even if the court had subject matter jurisdiction in this case, the court finds that dismissal of the Grado Defendants is appropriate pursuant to Federal Rule of Civil Procedure 4(m). The Grado Defendants argue the court should dismiss them from the instant action because Plaintiffs failed to serve them with the Summons by October 9, 2012—120 days after Plaintiffs filed the Complaint. Plaintiffs argue that good cause exists for the failure to serve the Grado Defendants because the claims in the instant action are essentially the same as the claims Plaintiffs brought against the Grado Defendants in a state court action that was voluntarily dismissed. Plaintiffs further request that the court extend the deadline for service until November 1, 2012.

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Therefore,

> "[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice."

*Roberts v. Michaels*, 219 F.3d 775, 777 n.1 (8th Cir. 2000) (alteration in original) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).

"Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *see also Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) ("[T]he standard of good cause, like many others in the law, is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance."). "'A showing of good cause requires at least "excusable neglect"—good faith and some reasonable basis for noncompliance with the rules.'" *Kurka*, 628 F.3d at 957 (quoting *Adams*, 74 F.3d at 887).

The court finds that Plaintiffs have failed to establish good cause for their failure to serve the Grado Defendants. The fact that Plaintiffs' claims in the instant action are essentially the same as a case that was previously dismissed in state court does not constitute good cause for Plaintiffs' failure to serve the Grado Defendants. Plaintiffs do not point to—and the court is not aware of—any case law indicating that a defendant's participation in a prior action can constitute good cause for failure to properly serve the defendant in a subsequent action. Therefore, Plaintiffs have not shown a reasonable basis for noncompliance with Rule 4(m) that would constitute excusable neglect. *See Kurka*, 628 F.3d at 957 (defining excusable neglect). Thus, the court is not required to extend the deadline for service.

Additionally, the court declines to exercise its discretion to extend the deadline for Plaintiffs to serve the Grado Defendants. The October 9, 2012 deadline for service has long passed, and Plaintiffs did not request an extension of the deadline during the 120-day period. The court finds that Plaintiffs have not provided the court with sufficient reason to exercise its discretion to extend the deadline. Thus, the court shall deny Plaintiffs' request to extend the deadline for service until November 1, 2012.

## V. CONCLUSION

In light of the foregoing, the Grado Defendants' Motion to Dismiss (docket no. 7) is **GRANTED**. Furthermore, the court finds that it does not have subject matter jurisdiction over the instant action, and the Clerk of Court is therefore **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**DATED** this 31st day of October, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA